**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**Southern Division – Santa Ana**

FILED
CLERK, U.S. DISTRICT COURT
11/25/2025
CENTRAL DISTRICT OF CALIFORNIA
BY DVE DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

---

**STACEY ALBERT,**
Plaintiff,
v.
**MICROSOFT CORPORATION, and**
**TIM RYDER,**
Defendants.

---

Case No. 8:25-cv-02642

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND TO ORANGE COUNTY SUPERIOR COURT**

[28 U.S.C. §§ 1332, 1441, 1446, 1447]

Judge: (None Assigned Yet)
Date: (To Be Set By Court)
Time: (To Be Set By Court)
Courtroom: (To Be Determined)

---

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Stacey Albert, appearing pro se, hereby moves this Court for an order remanding this action to the Superior Court of California, County of Orange, pursuant to 28 U.S.C. § 1447(c), on the grounds that removal was procedurally defective and that this Court lacks subject-matter jurisdiction.

This motion is based on the accompanying Memorandum of Points and Authorities, the pleadings and records on file, and any argument the Court may permit.

---

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Microsoft removed this case based solely on diversity jurisdiction. Removal is improper because:

1. Defendant Tim Ryder is a California citizen, destroying complete diversity.
2. Ryder did not join or consent to removal, violating 28 U.S.C. § 1446(b)(2)(A).
3. Microsoft's claim of "fraudulent joinder" is unsupported and fails as a matter of law.
4. Removal was premature because Microsoft removed before service was complete on Ryder and without establishing removability under § 1446(b).
5. Plaintiff asserts only state-law claims, and no federal question exists.

For these reasons, this Court must remand the action to state court.

---

## II. REMOVAL WAS PROCEDURALLY DEFECTIVE

### A. All defendants must join in removal

Under 28 U.S.C. § 1446(b)(2)(A) ("the rule of unanimity"), all properly joined and served defendants must join in or consent to removal.

Here:

- Defendant Tim Ryder is named in the complaint.
- Ryder did not join the Notice of Removal.
- Microsoft admits Ryder was not served at the time of removal.
- Microsoft's Notice contains no written consent from Ryder.

This is a procedural defect requiring remand.

### B. Microsoft Cannot Meet the Ninth Circuit Standard for Fraudulent Joinder

Microsoft asserts that Ryder was "fraudulently joined," but fraudulent joinder is an extraordinarily high bar.

The Ninth Circuit holds:

"A defendant is fraudulently joined only where 'the plaintiff cannot possibly state a claim' against the non-diverse defendant."
— *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).

That standard is not met here. The complaint alleges actionable conduct by Ryder, including retaliation, interference, and participation in events central to the state-law claims. These allegations establish, at a minimum, a "possibility of a claim," which defeats fraudulent joinder as a matter of law.

Attorney argument—unsupported by evidence—cannot satisfy the heavy burden required for fraudulent joinder, and all factual disputes must be resolved in Plaintiff's favor.
Because Microsoft cannot show that Plaintiff "cannot possibly" state a claim against Ryder, his citizenship must be considered, and complete diversity is destroyed.

**C. The forum-defendant rule also bars removal**

Under 28 U.S.C. § 1441(b)(2):

> "A civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any of the defendants is a citizen of the State in which such action is brought."

Ryder is a California defendant.
That alone bars removal.

---

**III. REMOVAL WAS PREMATURE AND PROCEDURALLY IMPROPER**

Microsoft removed the action on November 24, 2025—one business day after filing—and before service was completed on Defendant Ryder. A defendant may remove only after the case becomes removable under 28 U.S.C. § 1446(b). Because removability had not been established, removal was premature.

The Ninth Circuit is clear:

"A defendant may not remove before the case is removable, and premature removal is a procedural defect requiring remand."
— *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989)

Premature removal is improper when:

- Service is incomplete;
- A forum defendant exists;
- Unanimity cannot yet be obtained; or
- The removal window under § 1446(b) has not begun.

Because Microsoft removed before service on Ryder and before removability was established, removal was defective.

---

## IV. THIS COURT LACKS SUBJECT-MATTER JURISDICTION

### A. Complete diversity is lacking

- Plaintiff: California
- Ryder: California
- Microsoft: Washington

A California plaintiff suing a California defendant cannot satisfy § 1332(a).

### B. No federal question exists

Plaintiff asserts only state-law claims.
No federal claim appears on the face of the complaint.
Under the well-pleaded complaint rule, federal jurisdiction is absent.

---

## V. REQUEST FOR ATTORNEY'S FEES

Under 28 U.S.C. § 1447(c), courts may award just costs and actual expenses, including attorney's fees, where removal lacked an objectively reasonable basis.

Microsoft removed despite:

- A California co-defendant;
- Lack of unanimous consent;
- The forum-defendant rule; and
- Premature timing.

These defects make removal objectively unreasonable, supporting an award of fees even for a pro se litigant.

---

**VI. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court remand this action to the Orange County Superior Court, award any further relief the Court deems proper, and note Microsoft's premature and procedurally defective removal.

Respectfully submitted,

Dated: November 25, 2025

/s/ Stacey Albert
Stacey Albert, Plaintiff in Pro Per