FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
DEC 30 2025
CENTRAL DISTRICT OF CALIFORNIA
BY [handwritten initials] DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Southern Division – Santa Ana**

---

**STACEY ALBERT,**

Plaintiff,

v.

**MICROSOFT CORPORATION**, and

**TIM RYDER,**

Defendants.

Case No. 8:25-cv-02642 -MRA -DFM

---

# PLAINTIFF STACEY ALBERT'S OPPOSITION TO DEFENDANT TIM RYDER'S MOTION TO DISMISS

---

## I. INTRODUCTION

Defendant Tim Ryder moves to dismiss Plaintiff's claims at the pleading stage, arguing that individual liability is categorically barred, that Plaintiff's claims are untimely, and that administrative remedies were not exhausted as to him. These arguments misstate California law and improperly ask the Court to resolve factual disputes at the Rule 12(b)(6) stage.

At this stage, the Court must accept Plaintiff's allegations as true and draw all reasonable inferences in her favor. When the Complaint is read as a whole, it plausibly alleges that Ryder personally participated in, and aided and abetted, discriminatory and retaliatory conduct, engaged in harassing behavior, and took adverse actions against Plaintiff as part of a continuing course of conduct whose effects continued after Plaintiff's employment ended, as a result of conduct initiated and carried out during employment.

Accordingly, the Motion should be denied. Alternatively, if the Court identifies any pleading deficiency, Plaintiff respectfully requests leave to amend.

---

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests only the legal sufficiency of the complaint. The Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Dismissal is improper unless the complaint fails to state a claim that is plausible on its face.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

---

## III. ARGUMENT

### A. Plaintiff Plausibly Alleges Individual Liability Against Ryder

Defendant's assertion that individual managers cannot be held personally liable misstates California law.

While individual liability does not attach to managers for routine personnel decisions underlying discrimination or retaliation claims, California law expressly permits individual liability where a manager personally engages in harassment or aids and abets unlawful conduct. Cal. Gov. Code §§ 12940(j), (i); *Reno v. Baird,* 18 Cal.4th 640, 646–47 (1998).

Here, Plaintiff does not rely on a theory of standalone individual liability for discrimination or retaliation. Rather, the Complaint alleges that Ryder personally participated in and advanced unlawful conduct supporting claims for harassment and aiding-and-abetting liability.

Specifically, the Complaint alleges that Ryder:

1. Approved and enforced a "zero rewards" designation despite Plaintiff's documented performance, directly impacting her compensation, including bonus and equity awards (Compl. ¶ 21);
2. Participated in decisions that enforced and extended the removal of Plaintiff's leadership responsibilities, materially altering her role and standing;
3. Discouraged and undermined Plaintiff's protected DEI-related activity, contributing to a hostile and retaliatory environment;

4. Acted in concert with other decision-makers to advance adverse compensation and post-demotion role decisions affecting Plaintiff; and
5. Engaged in conduct forming part of a continuing course of discriminatory and retaliatory actions whose effects continued after Plaintiff's employment ended, as a result of conduct initiated and carried out during employment.

These allegations, taken as true, are sufficient to state claims for harassment and aiding-and-abetting liability at the pleading stage.

At the pleading stage, a defendant who allegedly initiated and materially participated in a retaliatory course of conduct cannot be dismissed simply because the effects of that conduct continued beyond his direct involvement. Under the continuing violation doctrine, such a defendant remains properly joined where the effects of that conduct continued beyond his direct involvement, as a result of conduct initiated and carried out during employment.

Whether Ryder's conduct constitutes actionable harassment or aiding-and-abetting is a fact-intensive inquiry that cannot be resolved on a motion to dismiss.

**B. Plaintiff Adequately Pleads Ryder's Personal Participation**

Contrary to Defendant's characterization, the Complaint does not rely on impermissible group pleading. Ryder is specifically identified throughout the factual allegations as a decision-maker who personally participated in adverse actions affecting Plaintiff's compensation, leadership role, and protected activity.

Rule 8 does not require evidentiary detail or proof; it requires plausible factual allegations, which Plaintiff has provided. Accordingly, at the pleading stage, Plaintiff is not required to disaggregate individual defendants' roles within an alleged unified course of conduct, nor to plead evidentiary detail establishing relative degrees of involvement.

**C. Plaintiff's Claims Are Timely Under the Continuing Violation Doctrine and Tolling Principles**

Defendant's statute-of-limitations argument improperly fragments a continuous course of conduct into isolated events.

At the pleading stage, a defendant may not defeat timeliness by artificially collapsing a multiyear course of alleged conduct into a single incident.

The Complaint alleges a related and continuous pattern of discriminatory and retaliatory conduct involving the same actors and motivations, including conduct whose effects continued after Plaintiff's employment ended, as a result of conduct initiated and carried out during employment. Under the continuing violation doctrine, such conduct is timely where at least one act or effect falls within the limitations period.

*Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798, 823 (2001).

Plaintiff also alleges tolling based on COVID-related judicial emergency orders and incapacity. These allegations must be accepted as true at the pleading stage and cannot be resolved on a Rule 12(b)(6) motion.

**D. Plaintiff Adequately Alleges Exhaustion of Administrative Remedies**

Plaintiff alleges that she timely filed a CRD charge based on individualized conduct, received a Right-to-Sue notice, and expressly excludes any claims released, and expressly excludes any claims released under the CRD's Microsoft class settlement or consent decree. Exhaustion is not a hyper-technical pleading requirement, and courts do not require that every individual defendant be identically named at the administrative stage where the claims arise from the same course of conduct and involve the same actors whose actions were known to, and undertaken on behalf of, the employer. *Soldinger v. Nw. Airlines, Inc.*, 51 Cal.App.4th 345, 381 (1996).

To the extent Defendant references a separate California state-court class action, that proceeding is not before this Court and provides no independent basis for dismissal. This Court does not have jurisdiction to adjudicate or enforce that settlement, and Defendant's reference serves only as collateral background. As Plaintiff has already pled, the settlement did not release the individual claims asserted here, and any dispute regarding its scope is not properly before the Court on a Rule 12(b)(6) motion.

At minimum, exhaustion presents fact-dependent issues—including notice, scope, and participation—that cannot be resolved on a motion to dismiss.

---

**IV. LEAVE TO AMEND SHOULD BE GRANTED IF ANY DEFICIENCY IS FOUND**

Even if the Court were to identify a pleading deficiency, dismissal with prejudice would be improper. Leave to amend is freely granted under Rule 15(a), and Defendant has not shown futility, bad faith, or undue delay.

Defendant has not shown futility, as any perceived deficiencies—such as additional detail regarding exhaustion—are readily curable by amendment.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

## V. CONCLUSION

For the foregoing reasons, Defendant Tim Ryder's Motion to Dismiss should be denied. Alternatively, Plaintiff respectfully requests leave to amend.

---

/s/ Stacey Albert

Stacey Albert

Plaintiff, In Pro Per