Danielle H. Moore (SBN 232480)
E-Mail: dmoore@fisherphillips.com
Bret Martin (SBN 304658)
E-Mail: bmartin@fisherphillips.com
Dennis P. Gallagher, II (SBN 301453)
E-Mail: dgallagher@fisherphillips.com
Augusta L. McCain (SBN 358182)
E-Mail: amccain@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendants
MICROSOFT CORPORATION
and TIM RYDER

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

STACEY ALBERT, an individual,

Plaintiff,

v.

MICROSOFT CORPORATION, a Washington corporation doing business in California; TIM RYDER, an individual residing in California; and Does 1 through 50, inclusive,

Defendants.

CASE NO.: 8:25-cv-02642

[*Removed from Orange County Superior Court, Case No. 30-2025-01524620-CU-OE-CJC*]

**DEFENDANT MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

*[Concurrently filed with Declaration of Tim Ryder]*

Date: January 26, 2026
Time: 1:30 p.m.

Complaint Filed: November 5, 2025
Trial Date: None Set

# TABLE OF CONTENTS


I. INTRODUCTION .... 9
II. BACKGROUND .... 10
III. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE SHE FAILED TO MEET AND CONFER PER LOCAL RULES .... 11
IV. REMOVAL COMPLIED WITH THE RULE OF UNANIMITY .... 11
V. THE FORUM-DEFENDANT RULE IS INAPPLICABLE .... 12
VI. REMOVAL WAS NOT PREMATURE .... 13
VII. THIS COURT HAS SUBJECT MATTER JURISDICTON. .... 14
A. PLAINTIFF IS A CITIZEN OF CALIFORNIA .... 14
B. MICROSOFT IS A CITIZEN OF WASHINGTON. .... 14
C. PLAINTIFF DOES NOT DISPUTE, AND THUS CONCEDES, THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000. .... 15
VIII. RYDER SHOULD BE OVERLOOKED FOR PURPOSES OF DIVERSITY BECAUSE HE WAS FRAUDULENTLY JOINED .... 16
A. PLAINTIFF'S CLAIMS AGAINST RYDER ARE TIME-BARRED .... 17
B. THE CONTINUING VIOLATION DOCTRINE IS INAPPLICABLE. .... 19
C. NO OTHER GROUNDS EXIST TO REVIVE PLAINTIFF'S CLAIMS. .... 22
D. RYDER CANNOT BE HELD PERSONALLY LIABLE UNDER THE FIRST, THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION. .... 24
E. PLAINTIFF'S COMPLAINT ALSO FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A HARASSMENT CAUSE OF ACTION AGAINST RYDER. .... 26
F. PLAINTIFF DID NOT EXHAUST HER ADMINISTRATIVE REMEDIES AS TO RYDER. .... 27
IX. THERE IS NO BASIS FOR AWARDING PLAINTIFF ATTORNEYS' FEES 28
X. CONCLUSION .... 29

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acuna v. San Diego Gas & Elec. Co.*,
217 Cal. App. 4th 1402 (2013) ....................19, 20, 21, 22

*Baber v. Napa State Hospital*,
154 Cal.App.3d 514 (1984) ....................23

*Committee for Sound Water & Land Development v. City of Seaside*,
79 Cal. App. 5th 389 (2022), *review denied* (Sept. 14, 2022)....................22

*Crone v. Tracy Unified Sch. Dist.*,
No. 2:20-CV-01451-JAM-AC, 2020 WL 7182345 (E.D. Cal. Dec. 7, 2020) ....................25

*Cucci v. Edwards*,
510 F. Supp. 2d 479 (C.D. Cal. 2007) ....................11

*Dart Cherokee Basin Operating Co. v. Owens*,
135 S. Ct. 547 (2014)....................15

*Dawson v. Caregard Warranty Serv., Inc.*,
No. 5:23-CV-01139-SB-SP, 2024 WL 661198 (C.D. Cal. Jan. 12, 2024) ........25

*Destfino v. Reiswig*,
630 F.3d 952 (9th Cir. 2011) ....................12

*Feeley v. Southern Pacific Transportation Co.*,
234 Cal.App.3d 949 (1991) ....................23

*Fiol v. Doellstedt*,
50 Cal. App. 4th 1318 (1996) ....................24, 27

*Friedman v. Jenkins*,
No. 23-CV-05036-JSW, 2024 WL 1182878 (N.D. Cal. Mar. 19, 2024)...........25

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001) ....................15

*Gilbert v. David*,
235 U.S. 561 (1915)....................14

*Gonzalez v. Nissan N. Am., Inc.*,
No. 2:24-CV-01301-WLH-MAR, 2024 WL 2782102 (C.D. Cal. May 29, 2024) ....................11

*Grancare, LLC v. Thrower, by and through Mills*,
889 F.3d 543 (9th Cir. 2018) ....................16

*Harding v. U.S. Figure Skating Ass'n*,
851 F. Supp. 1476 (D. Or. 1994) ....................15

*Hart v. Massanari*,
266 F.3d 1155 (2001)....................25

*Hertz Corp. v. Friend*,
130 S. Ct. 1181 (2010)....................14

*Higginbottom v. Dexcom, Inc.*,
744 F. Supp. 3d 1058 (S.D. Cal. 2024)....................12, 13

*Inland Concrete Enterprises, Inc. v. Kraft*,
318 F.R.D. 383 (C. D. Cal Aug. 24, 2016)....................25

*Janken v. GM Hughes Electronics*,
46 Cal. App. 4th 55 (1996) ....................26, 27

*Jones v. Lodge at Torrey Pines Partnership*,
42 Cal.4th 1158 (2008) ....................24

*Kay v. Ehrler*,
499 U.S. 432, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991) ....................28

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
199 F. Supp. 2d 993 (C.D. Cal. 2002) ....................15, 22

*Kim v. Konad USA Distribution, Inc.*,
226 Cal.App.4th 1336 (2014) ....................24

*Lyle v. Warner Bros. Tele. Prod'ns.*,
38 Cal.4th 264 (2006) ....................26

*Martin v. Franklin Cap. Corp.*,
546 U.S. 132 (2005)....................28

*Mayes v. Am. Hallmark Ins. Co. of Texas*,
114 F.4th 1077 (9th Cir. 2024) ....................9, 13

*McCabe v. Gen. Foods Corp.*,
811 F.2d 1336 (9th Cir. 1987) ....................16, 27

*Mewawalla v. Middleman*,
601 F. Supp. 3d 574 (N.D. Cal. 2022)....................25

*Miklosy v. Regents of Univ. of Cal.*,
44 Cal. 4th 876 900–01 (2008)....................24

*Minor v. FedEx Office & Print Servs.*,
182 F. Supp. 3d 966 (N.D. Cal. 2016)....................18

*Morgan v. Regents of Univ. of Cal.*,
88 Cal. App. 4th 52, 105 Cal. Rptr. 2d 652 (2000) ....................20

*Morris v. Princess Cruises, Inc.*,
236 F.3d 1061 (9th Cir. 2001) ....................16, 27

*Musaelian v. Adams*,
45 Cal.4th 512 (2009) ....................28

*Okoli v. Lockheed Technical Operations Co.*,
36 Cal. App. 4th 1607 (1995) ....................27

*Pollock v. Tri-Modal Dist. Servs., Inc.*,
11 Cal. 5th 918 (2021)....................17, 18, 21, 22

*Prue v. Brady Co./San Diego, Inc.*,
242 Cal.App.4th 1367 (2015) ....................19

*Reno v. Baird*,
18 Cal.4th 640 (1998) ....................24, 25

*Richards v. CH2M Hill, Inc.*,
26 Cal. 4th 798 (2001) ....................19, 20, 22

*Richmond v. Allstate Ins. Co.*,
897 F. Supp. 447 (S.D. Cal. 1995)....................15

*Roby v. McKesson Corp.*,
47 Cal.4th 686 (2009) ....................21, 22

*Rosas v. NFI Indus.*,
No. 221CV00046WBSCKD, 2021 WL 1264921 (E.D. Cal. Apr. 6, 2021) ......25

*Sanchez v. Monumental Life Ins. Co.*,
95 F.3d 856 (9th Cir. 1996) ..........15

*Simmons v. PCR Tech.*,
209 F. Supp. 2d 1029 ..........15

*St. Myers v. Dignity Health*,
44 Cal. App. 5th 301 (2019) ..........25

*Tillery v. Lollis*,
No. 1:14-CV-02025-KJM, 2015 WL 4873111 (E.D. Cal. Aug. 13, 2015)..........25

*Velez v. Roche*,
335 F. Supp. 2d 1022 (N.D. Cal. 2004)..........15

*Washington v. Lowe's HIW Inc.*,
75 F. Supp. 3d 1240 (N.D. Cal. 2014)..........27

*Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*,
24 Cal. App. 5th 825 (2018) ..........20

*Williams v. Housing Authority of Los Angeles*,
121 Cal. App. 4th 708 (2004) ..........27

*Yanowitz v. L'Oreal USA, Inc.*,
36 Cal. 4th 1028 (2005) ..........19, 22

**Statutes**

28 U.S.C. § 1332 ..........15

28 U.S.C. § 1332(c)(1)..........14

28 U.S.C. § 1391(c)(1)..........14

28 U.S.C. § 1441(a) ..........9, 11

28 U.S.C. § 1441(b)(2)..........12

28 U.S.C. § 1446(b) ..........13, 14

28 U.S.C. § 1446(b)(1)..........9, 13

28 U.S.C. § 1446(b)(2)(A)..........9, 11, 12

28 U.S.C. § 1446(c)(2)..........15

Cal. Code Civ. Proc., § 335.1 .......... 19

Cal. Code Civ. Proc., § 338(a) .......... 18

Cal. Code Civ. Proc., § 352 .......... 23

Cal. Code Civ. Proc., § 415.20(b) .......... 10

Cal. Code Regs. Title 2, § 10005 .......... 28

Cal. Gov't Code, § 12940(k) .......... 24

Cal. Gov't Code, § 12960(e)(5) .......... 17, 18

Cal. Lab. Code, § 1102.5 .......... 10, 18, 25

Cal. Lab. Code, § 1102.5(f) .......... 25

Cal. Stats. 2019, Chapter 709 .......... 20

Fed. R. Civ. Proc. 4(e)(1) .......... 10


**Court Rules**


L.R. 1-3 .......... 11

L.R. 7-3 .......... 11

L.R. 7-4 .......... 11


**Other Authorities**


*Albert v. Microsoft, et al.*, ECF No. 1 (November 24, 2025) .......... 10, 16

*Albert v. Microsoft, et al.*, ECF No. 12 (November 25, 2025) .......... 10, 16

*Albert v. Microsoft, et al.*, ECF No. 15 (December 10, 2025) .......... 10, 12

*Albert v. Microsoft, et al.*, ECF No. 16 (December 10, 2025) .......... 10, 12

*Albert v. Microsoft, et al.*, ECF No. 17 (December 11, 2025) .......... 12

CACI No. 2523 ....................26

*http://www.eeoc.gov/harassment* ....................27

*West's Ann. Cal Codes, Cal. Emergency Covid Rules App. I*, Appendix I - Emergency Rules Related to Covid-19, Emergency Rule 9....................22

Defendant Microsoft Corporation (hereinafter "Microsoft") respectfully submits its Opposition to Plaintiff Stacey Albert's ("Plaintiff") Motion to Remand.

## I. INTRODUCTION

Plaintiff's Motion to Remand rests on a series of fundamental misstatements of governing law and ignores the undisputed facts demonstrating that removal was both procedurally proper and substantively warranted. Microsoft removed this action based on complete diversity and an amount in controversy far exceeding $75,000 as authorized by 28 U.S.C. § 1441(a). Plaintiff now seeks remand by invoking defective legal standards, misquoting statutory language, and relying on the presence of a California defendant who was neither properly joined nor properly served, and, critically, was fraudulently joined.

Plaintiff's procedural objections are meritless. The removal complied with the unanimity requirement because, at the time of removal, no defendant had been "properly joined and served," rendering consent from individual defendant Tim Ryder ("Ryder," and with Microsoft, "Defendants") unnecessary under § 1446(b)(2)(A). For the same reason, the forum-defendant rule is inapplicable. Plaintiff's argument that Microsoft removed "prematurely" is equally baseless: § 1446(b)(1) sets a *deadline* for removal, and not a window. *Mayes v. Am. Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1079 (9th Cir. 2024).

Remand must also be denied because the Court has subject matter jurisdiction over this matter, notwithstanding Plaintiff's fraudulent joining of Ryder solely to defeat diversity. Plaintiff's own allegations confirm that every claim asserted against Ryder is barred by the statute of limitations, legally untenable against an individual, factually unsupported, and/or that Plaintiff failed to exhaust administrative remedies as to Ryder. Plaintiff alleges no well-pleaded facts of wrongful conduct that could possibly state a viable claim for harassment or any other claim against Ryder, and even if she had done so, they would be time barred. Under long-settled precedent, a sham defendant's citizenship must be disregarded.

For these reasons, the Court should deny Plaintiff's Motion to Remand and retain jurisdiction over this action.

## II. BACKGROUND

On November 5, 2025, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Orange, captioned *STACEY ALBERT, an individual, v. MICROSOFT CORP., a Washington corporation doing business in California; TIM RYDER, an individual residing in California; and DOES 1 to 50, inclusive,* Case No. 30-2025-01524620-CU-OE-CJC. The Complaint asserted six causes of action against Defendants stemming from Plaintiff's employment, for: (1) discrimination – gender and race; (2) harassment and hostile work environment; (3) retaliation; (4) whistleblower retaliation in violation of California Labor Code § 1102.5; (5) failure to prevent discrimination, harassment, or retaliation; and (6) constructive discharge in violation of public policy (Tameny). *See* Declaration of Dennis P. Gallagher, II, in Support of Microsoft's Notice to Federal of Removal, ECF No. 6 ("ECF No. 6"), ¶ 3, Exhibit ("Ex.") A - Complaint.

Microsoft removed the case to the United States District Court for the Central District of California on November 24, 2025, Case No. 8:25-cv-02642. Notice of Removal, *Albert v. Microsoft, et al.*, ECF No. 1 (November 24, 2025).

Microsoft was served with the Summons of Complaint in the Action on December 4, 2025. Proof of Service of Summons, *Albert v. Microsoft, et al.*, ECF No. 15 (December 10, 2025); Albert Supplemental Declaration, ECF No. 17, ¶ 4 (December 11, 2025).

Ryder was served with the Summons of Complaint in the Action on December 5, 2025, by substituted service. He was mailed copies of the Summons and Complaint on December 8, 2025.[1] Proof of Service of Summons, *Albert v. Microsoft, et al.*, ECF No. 16 (December 10, 2025); Albert Supplemental Declaration, ECF No. 17, ¶ 5 (December 11, 2025).

[1] Plaintiffs may follow the state law of the state where the district court is located to effectuate service. Fed. R. Civ. Proc. 4(e)(1). The California rules provides that a summons may be served at a person's usual place of business and copy needs to be mailed to the same business address. Cal. Code Civ. Proc., § 415.20(b). Service is deemed complete on the 10th day after mailing. *Id.* In accordance with these rules, Ryder was not served until December 18, 2025.

## III. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE SHE FAILED TO MEET AND CONFER PER LOCAL RULES

The Court should deny Plaintiff's motion to remand because she failed to comply with the meet-and-confer requirement imposed by Local Rule 7-3. Parties must meet and confer seven days prior to filing a motion. C.D. Cal. L.R. 7-3. The motion must also include a statement of compliance of the meet-and-confer requirement. *Id.* Parties without lawyers are not exempt from this requirement. C.D. Cal. L.R. 1-3.

Failure to meet and confer is grounds for the court to decline to consider the motion. C.D. Cal. L.R. 7-4. Courts in this District have repeatedly noted that failure to comply with Local Rule 7-3 can be a basis for denying a motion to remand. *See, e.g.*, *Cucci v. Edwards*, 510 F. Supp. 2d 479, 486 (C.D. Cal. 2007) ("Thus, the Court may deny Plaintiff's motion on this basis alone."); *Gonzalez v. Nissan N. Am., Inc.*, No. 2:24-CV-01301-WLH-MAR, 2024 WL 2782102, at *1 (C.D. Cal. May 29, 2024) ("The Court could decline to consider the Motion [to remand] on this basis alone.").

Here, Plaintiff did not meet and confer with Microsoft prior to filing her motion. Microsoft received no communication from Plaintiff seeking to discuss or narrow the issues raised in the motion at least seven days before it was filed, or at any time. Additionally, Plaintiff's motion and supporting declaration contain no statement of compliance with Local Rule 7-3. Plaintiff's pro se status does not excuse this failure, as Local Rule 1-3 expressly requires all parties, including those proceeding without counsel, to comply with the Local Rules. Plaintiff's complete noncompliance with these procedural requirements warrants denial or refusal to consider the motion, in line with recent Central District precedent.

## IV. REMOVAL COMPLIED WITH THE RULE OF UNANIMITY

Plaintiff incorrectly argues that removal is procedurally defective because Ryder did not provide written consent to Microsoft's Notice of Removal. This contention is foreclosed by the text of the very statute Plaintiff cites. Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), **all defendants who have**

**been properly joined and served** must join in or consent to the removal." (Emphasis added.) Courts consistently reject Plaintiff's interpretation that unserved defendants must also consent to the removal. *See*, *e.g.*, *Destfino v. Reiswig*, 630 F.3d 952, 956-957 (9th Cir. 2011) (consent of unserved defendants not needed for removal); *see also Baiul v. NBC Sports, a division of NBCUniversal Media, LLC*, 732 Fed. App'x 529, 531 (9th Cir. 2018) (collecting Ninth Circuit cases finding that the unanimity rule under § 1446(b)(2)(A) applies to only defendants who have been properly joined and served); *Higginbottom v. Dexcom, Inc.*, 744 F. Supp. 3d 1058, 1074 (S.D. Cal. 2024), *motion to certify appeal denied*, No. 24-CV-0195-WQH-BLM, 2024 WL 4547017 (S.D. Cal. Oct. 22, 2024) (denying remand because the consent of a defendant that had not been properly served at the time of removal was not necessary.)

At the time of removal, Plaintiff had not properly joined and served Ryder. *See* Proof of Service of Summons, *Albert v. Microsoft et al.*, ECF No. 15 (December 10, 2025); Proof of Service of Summons, *Albert v. Microsoft et al.*, ECF No. 16 (December 10, 2025); Albert Supplemental Declaration, *Albert v. Microsoft et al.,* ECF No. 17, ¶¶ 5-6 (December 11, 2025). Because the statute's unanimity requirement is expressly limited to defendants "properly joined and served," Microsoft was not required to obtain the consent of Ryder. Plaintiff's argument asks the Court to disregard the statutory text and impose a consent requirement where Congress deliberately chose not to impose one. Because Ryder had not been properly served, Microsoft alone was authorized to remove the action, and the removal complied fully with § 1446(b)(2)(A).

## V. <u>THE FORUM-DEFENDANT RULE IS INAPPLICABLE</u>

Plaintiff's reliance on the forum-defendant rule is misplaced because she misstates the governing statute. Under 28 U.S.C. § 1441(b)(2), an action "otherwise removable solely on the basis of [diversity] jurisdiction **may not be removed if any of the parties in interest properly joined and served as defendants** is a citizen of the State in which such action is brought." (Emphasis added.) Plaintiff omits the critical limiting language: the rule applies only when a *forum defendant has been properly joined and served.* Recent case law

echoes this interpretation. *See*, *e.g.*, *Higginbottom*, *supra,* 744 F. Supp. 3d 1058, 1074 (S.D. Cal. 2024) (holding that that the Notice of Removal was not procedurally defective on forum defendant grounds when a forum defendant removed before service).

Ryder, whom Plaintiff identifies as the forum defendant, was not properly served at the time of removal. Because Plaintiff did not serve Ryder before removal, the rule is inapplicable, and removal was proper.

## VI. REMOVAL WAS NOT PREMATURE

Plaintiff next contends that removal was "premature." The lone authority cited by Plaintiff for this proposition is a non-existent quote in *Cantrell v. Great Republic Ins. Co.*, which does not discuss premature removal. 873 F.2d 1249, 1256 (9th Cir. 1989) ("Accordingly, appellees lost their opportunity to remove the case when they failed to file a petition for removal within thirty days of the filing of the original complaint.") Plaintiff filed a supplemental declaration asserting that Microsoft "filed its Notice of Removal before any defendant had been properly served, and before the statutory removal period under 28 U.S.C. § 1446(b) had begun." Albert Supplemental Declaration, ECF No. 17, ¶ 6 (December 11, 2025). This argument fails because the 30-day time limit establishes only the latest permissible date for removal, not the earliest one. *See* 28 U.S.C. § 1446(b)(1); *Mayes*, *supra*, 114 F.4th at 1079.

In *Mayes*, defendant received a copy of the complaint but was not formally served. *Id.* at 1078. It removed the case to federal court on diversity jurisdiction, and the plaintiff moved to remand, arguing exactly what Plaintiff argues here – that removal was improper because defendant had not been formally served. *Id.* The Court held that the motion to remand was properly denied because it "h[e]ld that formal service is not a prerequisite to removal under § 1446(b)(1)." *Id.* at 1079. The Court explained that the 30-day removal time limit in § 1446(b)(1) sets a *deadline* for removal, and not a "window." *Id.*

Here, Plaintiff filed her complaint on November 5, 2025, and Microsoft received a copy shortly thereafter. Plaintiff's supplemental declaration makes this clear, as well—Microsoft had notice of Plaintiff's complaint by November 24, 2025 when it filed its notice

of removal. Microsoft was also formally served with the complaint on December 4, 2025. Filing the removal on November 24 was well within the 30-day statutory deadline and in full compliance with § 1446(b). Plaintiff's argument that the removal was "premature" contradicts settled Ninth Circuit precedent.

## VII. THIS COURT HAS SUBJECT MATTER JURISDICTON

### A. PLAINTIFF IS A CITIZEN OF CALIFORNIA.

Citizenship of a natural person is determined by domicile, which requires physical presence in a state and the intent to remain there indefinitely. 28 U.S.C. § 1391(c)(1); *Gilbert v. David*, 235 U.S. 561, 569 (1915). Plaintiff alleges in her Complaint that she resides in California, and her employment records confirm that she resided in Irvine, California, at the time of her separation. ECF No. 5 ¶ 3, Ex. A ¶ 6; ECF No. 6 ¶ 5. A TLO report confirms that Plaintiff continues to reside in California. ECF No. 5 ¶ 13. Accordingly, Plaintiff was and remains domiciled in California and was a citizen of California at the time the Complaint was filed and at the time of removal.

### B. MICROSOFT IS A CITIZEN OF WASHINGTON.

For purposes of diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is determined under the "nerve center" test and is the state where its officers direct, control, and coordinate the corporation's activities, which is typically the location of its headquarters. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Microsoft is incorporated under the laws of the State of Washington and was so incorporated as of the date the Complaint was filed. ECF No. 6 ¶ 3. Microsoft's principal place of business is, and was at all relevant times, located in Redmond, Washington, where its corporate headquarters and senior executives are based and where its business activities are directed, controlled, and coordinated. *Id.* Accordingly, Microsoft is a citizen of Washington. Plaintiff does not dispute that Microsoft is a citizen of Washington.

### C. PLAINTIFF DOES NOT DISPUTE, AND THUS CONCEDES, THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

To establish the amount in controversy for diversity jurisdiction, a removing defendant need only show by a preponderance of the evidence that it is more likely than not that the amount exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996); *Harding v. U.S. Figure Skating Ass'n*, 851 F. Supp. 1476, 1480 (D. Or. 1994). The amount in controversy includes all damages claimed, including economic damages, emotional distress damages, attorney's fees, and punitive damages. 28 U.S.C. § 1332; *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449–50 (S.D. Cal. 1995); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Where, as here, the Complaint does not demand a specific sum, the notice of removal need only plausibly allege that the jurisdictional threshold is met. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). In determining the amount in controversy, the Court assumes the truth of the Complaint's allegations and that Plaintiff would prevail on all claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

Here, Plaintiff does not dispute that the amount in controversy is met. Plaintiff seeks back pay, front pay, lost bonuses, stock compensation, emotional distress damages, and punitive damages. ECF No. 6 ¶ 3, Ex. A – Complaint, ¶ 25, Prayer for Relief. Although Microsoft denies the validity and merit of Plaintiff's claims and the underlying allegations, the damages expressly alleged in the Complaint alone substantially exceed $75,000, and courts routinely recognize that emotional distress and punitive damages in employment discrimination cases may independently satisfy the jurisdictional minimum. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1038–40 (N.D. Cal. 2004); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033–34. Plaintiff herself does not dispute that she exceeds the $75,000 jurisdictional threshold. Indeed, Plaintiff's complaint plainly sets forth that her damages will well-exceed the $75,000 amount in controversy. Plaintiff claims she is entitled to $60,000 in lost bonuses, $126,800 for "stock shortfall," $81,000 in unvested stock forfeited

upon departure, and $460,000 in lost severance, totaling **$727,000** on the face of the Complaint alone. ECF No. 6 ¶ 3, Ex. A – Complaint ¶¶ 19-25.

The amount in controversy is outlined in great detail in Microsoft's removal. Notice of Removal, *Albert v. Microsoft et al.*, ECF No. 1 (November 24, 2025) ¶¶ 35-52. Plaintiff has not disputed any part of Microsoft's calculation or that the amount in controversy exceeds $75,000.

## VIII. RYDER SHOULD BE OVERLOOKED FOR PURPOSES OF DIVERSITY BECAUSE HE WAS FRAUDULENTLY JOINED

Plaintiff claims that Microsoft did not establish fraudulent joinder. Plaintiff's lone purported authority is a quotation that does not exist in the cited source. Motion to Remand, *Albert v. Microsoft et al.*, ECF No. 12 (November 25, 2025) at 3. Nonetheless, Microsoft agrees that fraudulent joinder is established by showing an "inability of the plaintiff to establish a cause of action against the non-diverse party." *Grancare, LLC v. Thrower, by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

Here, all of Plaintiff's claims are barred by the applicable statute of limitations. Additionally, each of Plaintiff's six causes of action is asserted jointly against Microsoft and Ryder, and the complaint offers only duplicative, conclusory allegations that Ryder acted as Microsoft's agent or employee while performing corporate functions—without any well-pleaded facts of independent wrongful conduct. Such pleading confirms Ryder was added solely to defeat diversity and is a paradigmatic sham defendant. *See Morris*, 236 F.3d at 1068; *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Furthermore, five of Plaintiff's six causes of action cannot be maintained against an individual defendant (such as Ryder) and Plaintiff failed to timely exhaust her administrative remedies as to Ryder. For all of these reasons, Ryder has been fraudulently joined in this matter.

**A. PLAINTIFF'S CLAIMS AGAINST RYDER ARE TIME-BARRED.**

Each of Plaintiff's claims is subject to no more than a three-year limitations period accruing from the time of the alleged wrongful act, here no later than the date her employment with Microsoft ended. As such, they are clearly time-barred.

Plaintiff resigned in January 2021. ECF No. 6 ¶ 3, Ex. A - Complaint, ¶ 22. Plaintiff alleges she filed a charge with the CRD in December 2024 [nearly four years after her separation], received a Right-to-Sue notice on July 8, 2025, and then filed suit on November 5, 2025. ECF No. 6 ¶ 3, Ex. A - Complaint, 2:1-6.

In short, Plaintiff filed her charge almost four years after her employment with Microsoft ended, nearly one year later than the maximum time period permitted by the FEHA. Plaintiff's non-FEHA claims are similarly time-barred. Specifically:

| **Cause of Action** | **When Statute of Limitations Expired** |
|---|---|
| First Cause of Action: Discrimination based on gender and race under FEHA | **January 2024** *See Pollock v. Tri-Modal Dist. Servs., Inc.*, 11 Cal. 5th 918, 931 (2021); *see also* Cal. Gov't Code § 12960(e)(5) (providing that "[a] complaint alleging ... [a] violation of [the FEHA] shall not be filed after the expiration of three years from the date upon which the unlawful practice or refusal to cooperate occurred"). |
| Second Cause of Action: Harassment and hostile work environment under FEHA | **January 2024** *See Pollock, supra, 11 Cal. 5th at 931*; *see also* Cal. Gov't Code § 12960(e)(5) (providing that "[a] complaint alleging ... [a] violation of [the FEHA] shall not be filed after the expiration of three years from the date upon which the |

| | |
|---|---|
| | unlawful practice or refusal to cooperate occurred”). |
| Third Cause of Action: Retaliation under FEHA | **January 2024**<br>*See Pollock, supra, 11 Cal. 5th at 931*; *see also* Cal. Gov't Code § 12960(e)(5) (providing that “[a] complaint alleging ... [a] violation of [the FEHA] shall not be filed after the expiration of three years from the date upon which the unlawful practice or refusal to cooperate occurred”). |
| Fourth Cause of Action: Whistleblower retaliation in violation of California Labor Code § 1102.5 | **January 2024**<br>*See Minor v. FedEx Office & Print Servs.,* 182 F. Supp. 3d 966, 988 (N.D. Cal. 2016) (stating that a § 1102.5 claim has a three-year statute of limitations based on California Code of Civil Procedure § 338(a) which covers “ ‘[a]n action upon a liability created by statute, other than a penalty or forfeiture’ ”). |
| Fifth Cause of Action: Failure to prevent discrimination, harassment, or retaliation under FEHA | **January 2024**<br>*See Pollock, supra, 11 Cal. 5th at 931*; *see also* Cal. Gov't Code § 12960(e)(5) (providing that “[a] complaint alleging ... [a] violation of [the FEHA] shall not be filed after the expiration of three years from the date upon which the |

| | |
|---|---|
| | unlawful practice or refusal to cooperate occurred”). |
| Sixth Cause of Action: Constructive discharge in violation of public policy | **January 2023** *See Prue v. Brady Co./San Diego, Inc.*, 242 Cal.App.4th 1367, 1382 (2015) (holding that wrongful termination in violation of public policy is governed by California Code of Civil Procedure § 335.1, providing a two-year statute of limitations.) |

The statute of limitations for Plaintiff’s FEHA-based claims (including hostile work environment harassment, which is the only potentially viable claim against an individual defendant such as Ryder) had expired for nearly a year, at minimum, before Plaintiff submitted her charge to the CRD. Thus, assuming that each claim alleged is based on activity that continued until her termination <u>and</u> that Plaintiff actually named Ryder in the charge she filed with the CRD, the statutes of limitations had long expired by the time she filed her charge. Thus, all of Plaintiff’s claims against Ryder are time-barred.

### B. <u>THE CONTINUING VIOLATION DOCTRINE IS INAPPLICABLE.</u>

Plaintiff attempts to save her legal claims under the guise of the continuing violation doctrine. California recognizes this doctrine only in limited circumstances, generally for patterns of unlawful conduct that are sufficiently similar in kind, have occurred with reasonable frequency, and have not acquired permanence. *See Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 823 (2001). The doctrine does not apply to separate, discrete acts, which would be only individually actionable and trigger its own limitations clock. *See Yanowitz v. L’Oreal USA, Inc.*, 36 Cal. 4th 1028, 1058 (2005); *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal. App. 4th 1402, 1412–13 (2013).

Significantly, separation of employment is the paradigmatic discrete act that “acquires a degree of permanence” when communicated, starting the limitations period and

generally foreclosing reliance on a continuing violation theory. *Richards, supra*, 26 Cal. 4th at 823–24; *Acuna, supra*, 217 Cal. App. 4th at 1412–13. For example, in *Wassman*, the employer's alleged acts of discrimination and harassment acquired a degree of permanence when the employee was terminated. *Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*, 24 Cal. App. 5th 825, 851 (2018). Consequently, the continuing violations doctrine could not save the employees claims. *Id.*; *see also Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 66, 105 Cal. Rptr. 2d 652, 664 (2000) (the continuing violations doctrine did not save an employee's otherwise time-barred FEHA claims when his former employer repeatedly failed to rehire him allegedly in retaliation for his racial discrimination grievance.)

In *Acuna*, plaintiff Acuna alleged that her former supervisor engaged in a series of discriminatory actions towards her because of her race during 2005 and 2006. *Acuna, supra,* 217 Cal. App. 4th at 1417. Her employment was terminated in July of 2008, and Acuna filed her lawsuit in November of 2009. *Id.* at 1410. The lower court determined that her claims were time barred,[2] but Acuna attempted to revive them through the continuing violation doctrine. *See id.* at 1412. Though Acuna's complaint included allegations following 2006 such as her employer failing to accommodate her disability and retaliating against her, there was no allegation that these later actions were motivated by racial animus. *Id.* at 1417. The court concluded: "The continuing violations doctrine is inapplicable because there was no allegation of *continuing* racial discrimination or harassment." *Id.* When there are no allegations supporting the claim outside the statute of limitations period, the continuing violations doctrine is inapplicable. *See id.*

Here, the only potentially viable claim against Ryder in his individual capacity is hostile work environment harassment. *See* Section VIII.d, *supra*. There is no logical basis for applying the continuing violation doctrine to a hostile work environment claim against Ryder *after Plaintiff's employment ended in January 2021*. ECF No. 6 ¶ 3, Ex. A –

[2] The statute of limitation for FEHA claims was formerly one year. *Acuna*, 217 Cal. App. 4th at 1412. It was extended to three years in 2020. Cal. Stats. 2019, ch. 709 (A.B. 9).

Complaint ¶ 22. Notably, Plaintiff does not allege *any* conduct by Ryder whatsoever after August 2020, and thus there would be no basis for applying the doctrine as to Ryder in his individual capacity beyond this point. ECF No. 6 ¶ 3, Ex. A – Complaint ¶ 21.

Regardless, Ryder necessarily could not have subjected Plaintiff to a hostile work environment after her employment ended and she was no longer in the work environment. Under California law, harassment claims specifically refer “to bias that is expressed or communicated through *interpersonal* relations *in the workplace*" and "focus on situations in which the *social environment of the workplace* becomes intolerable…" *Pollock v. Tri-Modal Distribution Serv*., 11 Cal.5th 918, 932 (2021); *see also Roby v. McKesson Corp*., 47 Cal.4th 686, 706 (2009). Not only does Plaintiff fail to allege any actions by Ryder after August 2020, similar to the *Acuna* plaintiff, it is a factual impossibility that Ryder continued to subject Plaintiff to a hostile work environment *after* her employment ended in January 2021 and she was no longer in the workplace. Moreover, Ryder has confirmed in his declaration that he had no interaction with Plaintiff after her resignation. *See* Declaration of Tim Ryder in Support of Defendant’s Opposition to Plaintiff’s Motion to Remand (“Ryder Decl.”), ¶ 7.

Plaintiff alleges only three post-termination acts by Microsoft (failing to comply with a personnel file request in January 2021, not responding to her request for severance in 2022, and not responding to another request for severance in 2023) that she claims were tantamount to an ongoing course of conduct. ECF No. 6 ¶ 3, Ex. A - Complaint, ¶¶ 12, 13, 22, 23, 24. There is no specific allegation that Ryder was involved in these matters, and Ryder has confirmed in his declaration that he was not involved. Ryder Decl. ¶¶ 5-6. Even if Ryder was involved, not producing Plaintiff’s personnel file after her employment had ended or responding to post-separation requests for severance cannot plausibly be characterized as ongoing <u>workplace harassment</u> by Ryder. As in *Acuna*, further allegations that exist after the statute of limitations period but are unrelated to the cause of action do not form a basis for applying the continuing violations doctrine. *Acuna*, 217 Cal. App. 4th

at 1417. Just like in *Wasserman* and *Morgan*, Plaintiff's termination crystallizes her harassment claims such that the statute of limitations began to run at her termination.

The passing attempt to save the causes of action through the continuing violation doctrine is unavailing, as it does not apply based on the facts as plead to revive the statutorily barred claims of actions that allegedly occurred more than three years prior to filing any claims or complaints. *See Yanowitz,* 36 Cal. 4th at 1058; *Acuna*, *supra*, 217 Cal. App. 4th at 1412–13; *Richards, supra,* 26 Cal. 4th 798 (2001); *Pollock, supra*, 11 Cal.5th at 932; *see also Roby, supra*, 47 Cal. at 706. Because each claim is barred by the statute of limitations, the entire action fails.

**C. <u>NO OTHER GROUNDS EXIST TO REVIVE PLAINTIFF'S CLAIMS.</u>**

Plaintiff may attempt to revive her statutorily barred claims through her perfunctory pleading of "COVID-related delays" and "incapacity." ECF No. 6 ¶ 3, Ex. A – Complaint, ¶ 12.

As to COVID, California tolled statutes of limitation from April 6, 2020, to October 1, 2020, only. *West's Ann. Cal Codes, Cal. Emergency Covid Rules App. I*, Appendix I - Emergency Rules Related to Covid-19, Emergency Rule 9. Plaintiff's separation of employment occurred on January 21, 2021, after the emergency order expired and tolling ended. To the extent Plaintiff points to discrete acts prior to termination, those too would not be saved by COVID tolling as they would have accrued no later than January 21, 2021, concurrent with termination, and would be barred no later than January 21, 2024, regardless of COVID tolling. *See Committee for Sound Water & Land Development v. City of Seaside*, 79 Cal. App. 5th 389, 403 (2022), *review denied* (Sept. 14, 2022) ["A tolling provision suspends the running of a limitations period . . . In other words, the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded"].)

Regarding incapacity, Plaintiff merely makes a statement that there should be tolling for incapacity, without providing any facts whatsoever. ECF No. 6 ¶ 3, Ex. A – Complaint, ¶ 12. The statute of limitations for bringing a legal action is tolled where an individual is

"lacking the legal capacity to make decisions" at the time the cause of action accrued. (Cal. Code Civ. Proc., § 352.) Generally, a lack of legal capacity means that a person is "incapable of caring for [her] property or transacting business or understanding the nature or effects of [her] acts." *Feeley v. Southern Pacific Transportation Co.*, 234 Cal.App.3d 949 (1991). Courts require evidence showing the plaintiff's functional inability to understand legal processes, transaction in business, or perform various other acts during the relevant limitations period. *Baber v. Napa State Hospital*, 154 Cal.App.3d 514 (1984) (Incapacity established by plaintiff who was "gravely disabled as a result of a mental disorder, who required periodic hospitalization, who was judicially determined to have been unable to provide for his own food, clothing and shelter as a result of his mental disorder, who required a conservator, who required anti-psychotic medication, who was incapable of sustained intelligible conversation …."; *Feeley, supra,* 234 Cal.App.3d at 952 ("a coma caused by physical trauma is a mental condition which renders the plaintiff incapacitated.") [citations omitted). Similarly, in the 9th Circuit, to invoke tolling based upon incapacity, a plaintiff must demonstrate: 1) a mental impairment that constituted an "extraordinary circumstance" that was so severe that the person was "unable rationally or factually to personally understand the need to timely file"; *and* 2) diligence in pursuing claims to the extent possible while also demonstrating that the mental impairment made it impossible to meet filing deadlines. *Yow Ming, supra,* 751 F.3d at 1077; citing *Bills, supra*.

Although incapacity requires facts supporting the ultimate conclusion, the Complaint is devoid of any information as to what the supposed incapacity was, the basis and extent of it, if she herself was incapacitated, when it occurred, or any details at all. *Id.*, Ex. A – Complaint, generally. This dearth of allegations and evidence is fatal to the defense. Additionally, the factual contentions in Plaintiff's verified Complaint evidence capacity. Plaintiff states that she achieved "104% attainment" in FY19, her "FY20 performance reached 141% attainment," she made a personnel file request in January 2021, and she attempted to negotiate a severance agreement in 2022 and again in May of 2023. ECF No. 6 ¶ 3, Ex. A – Complaint ¶¶ 19, 21, 23. These facts are contrary to binding

authorities for a finding of incapacity. Such a conclusion and correlated tolling is not appropriate here.

### D. RYDER CANNOT BE HELD PERSONALLY LIABLE UNDER THE FIRST, THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION.

Even if the claims were not time-barred (which they are), as a matter of law, five of Plaintiff's six claims cannot be maintained against an employee or individual defendant; such claims lie, if at all, only against the employer.

Under the Fair Employment and Housing Act ("FEHA"), only an "employer" may be held liable for alleged discrimination, retaliation, or wrongful termination. *Reno v. Baird*, 18 Cal.4th 640, 641 (1998); *Miklosy v. Regents of Univ. of Cal.,* 44 Cal. 4th 876 900–01 (2008); *Kim v. Konad USA Distribution, Inc.,* 226 Cal.App.4th 1336 (2014). Individual supervisors cannot be held personally liable for such claims. *Reno*, 18 Cal.4th at 663; *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158, 1173 (2008). In *Jones*, the employee sued his employer and his supervisor for discrimination and retaliation. *Jones*, 42 Cal.4th at 1160 The court reversed the jury's verdict as to the supervisor on those causes of action. *Id.* at 1174. As such, Plaintiff's First (discrimination) and Third (retaliation) Causes of Action cannot be maintained against Ryder in his individual capacity.

Relatedly, a claim for failure to prevent discrimination, harassment, or retaliation under FEHA cannot be brought against an individual defendant. "It is an unlawful employment practice . . . [f]or an *employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment*, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov't Code § 12940(k) The text of the statute does not provide for individual liability. "We are aware of no authority for the proposition that a supervisory employee is personally liable, as an aider and abettor of the wrongdoer, to a subordinate for failing to prevent the misconduct of another subordinate." *Fiol v. Doellstedt*, 50 Cal.

App. 4th 1318, 1326 (1996). Thus, Plaintiff's Fifth Cause of Action (failure to prevent discrimination, harassment or retaliation) cannot be maintained against Ryder.

Plaintiff can similarly not maintain a claim for Whistleblower Retaliation (California Labor Code § 1102.5) against an individual defendant. *See* Labor Code § 1102.5(f) ([i]n addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section" (emphasis added)); *see also Dawson v. Caregard Warranty Serv., Inc.*, No. 5:23-CV-01139-SB-SP, 2024 WL 661198, at *6 (C.D. Cal. Jan. 12, 2024) (finding no individual liability for retaliation under Section 1102.5) [3]; *Friedman v. Jenkins*, No. 23-CV-05036-JSW, 2024 WL 1182878, at *6 (N.D. Cal. Mar. 19, 2024) (same); *Mewawalla v. Middleman*, 601 F. Supp. 3d 574, 608 (N.D. Cal. 2022) (same); *Rosas v. NFI Indus.*, No. 221CV00046WBSCKD, 2021 WL 1264921, at *5 (E.D. Cal. Apr. 6, 2021) (same); *Crone v. Tracy Unified Sch. Dist.*, No. 2:20-CV-01451-JAM-AC, 2020 WL 7182345, at *2 (E.D. Cal. Dec. 7, 2020) (same); *Tillery v. Lollis*, No. 1:14-CV-02025-KJM, 2015 WL 4873111, at *9–10 (E.D. Cal. Aug. 13, 2015) (same). Thus, Plaintiff cannot maintain her Fourth Cause of Action (Whistleblower Retaliation) against Ryder.

Finally, "a Tameny action for wrongful discharge can only be asserted against an employer." *St. Myers v. Dignity Health*, 44 Cal. App. 5th 301, 311 (2019) (quoting *Miklosy*, 44 Cal.4th at 900.); *see also Reno*, 18 Cal. 4th at 664 ("Because plaintiff may not sue Baird as an individual supervisor under the FEHA, she may not sue her individually for wrongful discharge in violation of public policy.") Therefore, Plaintiff cannot maintain her Sixth Cause of Action (wrongful constructive discharge in violation of public policy) against Ryder.

Plaintiff alleges that Ryder was her supervisor beginning 2019. Gallagher Declaration in Support of Defendant's Notice of Removal, ECF No. 6 ("ECF No. 6") ¶ 3,

[3] See *Inland Concrete Enterprises, Inc. v. Kraft,* 318 F.R.D. 383 (C. D. Cal Aug. 24, 2016) (Citation to unpublished Ninth Circuit decision issued after 2007 is permissible for persuasive value [citing U.S.Ct. of App. 9th Cir. Rule 36-3]); *Hart v. Massanari*, 266 F.3d 1155 (2001).

Ex. A – Complaint ¶ 18. Under well-established legal precedent, Ryder cannot be liable in his individual capacity for discrimination, retaliation, constructive discharge, or failure to prevent discrimination, harassment, or retaliation. As such, Plaintiff's First, Third, Fourth, Fifth, and Sixth causes of action fail as to Ryder.

**E. PLAINTIFF'S COMPLAINT ALSO FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A HARASSMENT CAUSE OF ACTION AGAINST RYDER.**

Harassment is the only claim asserted by Plaintiff that can potentially be maintained against Ryder, but Plaintiff failed to properly allege it. Plaintiff alleges that Ryder recommended that she cease her DEI advocacy and at one point "alluded to some performance issues without formal documentation." ECF No. 6 ¶ 3, Ex. A – Complaint ¶¶ 18 - 19. Plaintiff also alleges that Ryder gave her a negative performance evaluation which resulted in her not receiving a bonus or stock award. ECF No. 6 ¶ 3, Ex. A – Complaint ¶ 21. These allegations simply do not support a claim for harassment against Ryder, and even if they did, they are untimely because she did not exhaust her administrative remedies prior to bringing them.

To state a claim for hostile work environment harassment against Ryder, Plaintiff must allege that Ryder engaged in (1) harassing conduct, (2) based on protected criteria, and (3) which was sufficiently "severe or pervasive" to alter conditions of employment and create an "abusive working environment." *Lyle v. Warner Bros. Tele. Prod'ns.*, 38 Cal.4th 264, 279 (2006).

California courts define "harassment" under the FEHA as conduct outside the bounds of personnel management. *See Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 65 (1996) ("Harassment… consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management"). Harassment "is *not conduct of a type necessary for management of the employer's business*." CACI No. 2523 (emphasis). Instead, it includes "offensive jokes, slurs, epithets or name calling, physical assaults or threats, intimidation, ridicule or mockery, insults or put-downs, offensive objects or pictures, and interference with work performance." *See*

*http://www.eeoc.gov/harassment*. Importantly, individual liability only exists for harassment directly perpetrated by the individual. *Fiol*, *supra*, 50 Cal.App.4th at 1318.

Here, Plaintiff does not allege any acts specifically perpetrated by Ryder that rise to the level of harassment and hostile work environment. Plaintiff's allegations relating to her performance issues and evaluations were squarely within Ryder's job duties as Plaintiff's supervisor. *See Janken*, 46 Cal. App. 4th at 65. Even if Ryder recommended that Plaintiff cease her "DEI advocacy" (which he did not), an isolated and trivial incident is not actionable. Plaintiff does not, and cannot, allege that Ryder directly perpetuated "harassing conduct" which was sufficiently "severe or pervasive." *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1251 (N.D. Cal. 2014) ("simple workplace annoyances [] are not actionable under any theory [of harassment].")

Plaintiff does not allege that Ryder made jokes, slurs, or threats about her race or gender, or engaged in any "harassing" behavior as recognized by law. Plaintiff's threadbare allegations fail to state any viable claim against Ryder and confirm that Ryder was added solely to defeat diversity. *See McCabe v. Gen. Foods Corp,* 811 F.2d 1336, 1339 (9th Cir. 1987); *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1068 (9th Cir. 2001).

Because Plaintiff cannot establish a claim against Ryder under California law, his citizenship is disregarded, and removal is proper.

### F. PLAINTIFF DID NOT EXHAUST HER ADMINISTRATIVE REMEDIES AS TO RYDER.

California law requires a plaintiff to exhaust administrative remedies as a precondition to filing civil actions alleging discrimination, harassment, or retaliation under FEHA. *See Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1613-14 (1995). A plaintiff must file an administrative charge with the appropriate agency and obtain a right-to-sue notice before filing suit. *Ibid.; Williams v. Housing Authority of Los Angeles*, 121 Cal. App. 4th 708, 719-21 (2004). "A right-to-sue notice issued by the department shall state that the aggrieved party may bring a civil action against the person

or entity named in the complaint within one year from the date of the notice." Cal. Code Regs. tit. 2, § 10005

Here, while Plaintiff alleges she submitted an (untimely) charge to the California Civil Rights Department ("CRD") in December 2024, she does not allege that she submitted her charge or obtained a right to sue letter against Ryder. The CRD Right to Sue Notice filed by Plaintiff with her complaint was only issued against Microsoft, not Ryder. ECF No. 6 ¶ 3, Ex. A – Complaint, Exhibit A thereto. As Plaintiff did not exhaust her administrative remedies as to Ryder, Ryder cannot be maintained as a defendant on any of Plaintiff's FEHA-based causes of action (including harassment) and his residency as a fraudulently added defendant cannot be the basis to defeat diversity.

For all of the above reasons, Plaintiff cannot maintain any of her causes of action against Ryder. As such, Ryder is a fraudulent defendant and his residency cannot be the basis to defeat diversity

## IX. THERE IS NO BASIS FOR AWARDING PLAINTIFF ATTORNEYS' FEES

Plaintiff claims that she is entitled to attorneys' fees. The Supreme Court indicates the heavy burden of proof Plaintiff has: "Absent unusual circumstances, attorney's fees should not be awarded under [28 U.S. Code] § 1447(c) when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 132 (2005). Here, removal was not only objectively reasonable, but correct because Ryder was joined as a sham defendant and the requirements of diversity jurisdiction are otherwise met. For the reasons explained above, Microsoft properly removed, and Plaintiff should be denied attorneys' fees.

Additionally, Plaintiff is pro per and therefore necessarily did not incur any attorneys' fees in filing her motion to remand. *Kay v. Ehrler*, 499 U.S. 432, 438, 111 S. Ct. 1435, 1438, 113 L. Ed. 2d 486 (1991) (holding that pro se litigants are not entitled to attorneys' fees.); *see also Musaelian v. Adams*, 45 Cal.4th 512, 517 (2009) ("The ordinary and usual meaning of 'attorney's fees,' in both legal and general usage, is the consideration

a litigant actually pays or becomes liable to pay in exchange for legal representation. An attorney litigating in propria persona pays no such compensation."). For this additional reason, an award of attorneys' fees would be improper.

## X. CONCLUSION

Because Microsoft properly removed on the basis of diversity and the amount in controversy is met, the Court should deny Plaintiff's Motion.

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Microsoft Corporation and Tim Ryder, certifies that this brief contains 6,772 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 5, 2026

**FISHER & PHILLIPS LLP**

By: ______________________

Danielle H. Moore
Bret Martin
Dennis P. Gallagher, II
Augusta L. McCain
Attorneys for Defendant
MICROSOFT CORPORATION and TIM RYDER

**CERTIFICATE OF SERVICE**
(CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On December 5, 2026, I served the following document(s) **DEFENDANT MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Stacey Albert
P.O. Box 7031
Newport Beach, CA 92658
(415) 857-3730
Sa-vs-msft.2025@proton.me

☐ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine California, in a sealed envelope with postage fully prepaid.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed December 5, 2026, at San Diego, California.

Kelly Chavez
Print Name

By: [signature]
Signature