UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-02642-MRA-DFM | Date | March 23, 2026 |
| Title | *Stacey Albert v. Microsoft Corporation et al.* | | |

Present: The Honorable    MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12], DENYING DEFENDANT'S MOTION TO DISMISS [19]**

Before the Court are two motions: Plaintiff's Motion to Remand this case to Orange County Superior Court and Defendant's Motion to Dismiss all claims against Defendant Tim Ryder. ECF 12, 19. The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motion to Remand and **DENIES** the Motion to Dismiss.

## I.    BACKGROUND

### A.    Factual Background[1]

Plaintiff Stacey Albert ("Plaintiff") brings this employment discrimination action against her former employer Microsoft Corporation ("Microsoft"), her former colleague and supervisor Tim Ryder ("Ryder"), and Does 1–50 (collectively, "Defendants"). ECF 6-1. Plaintiff is an individual residing in California. *Id.* ¶ 6. Microsoft is a corporation with its principal place of business in Washington. *Id.* ¶ 7. Ryder is an individual residing in California. *Id.* ¶ 8.

Plaintiff is a Native American woman who began working at Microsoft in 2011. *Id.* ¶ 14.

---

[1] The factual background is described as alleged in Plaintiff's Complaint. When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to presume that all well-pleaded allegations are true, resolve all reasonable doubts and inferences in the pleader's favor, and view the pleading in the light most favorable to the non-moving party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-02642-MRA-DFM | Date | March 23, 2026 |
|---|---|---|---|
| Title | *Stacey Albert v. Microsoft Corporation et al.* | | |

Plaintiff was recruited by Microsoft and worked in a variety of roles, including within Microsoft's Asia Pacific region. *Id.* Plaintiff returned to the United States in 2017 as part of her promotion to "Level 66 Senior Director overseeing Retail, Consumer Goods, and Media & Entertainment." *Id.* Plaintiff was the only Native American female executive at Microsoft. *Id.* At all times during her employment, Plaintiff was known for her strong performance and leadership on diversity, equity, and inclusion ("DEI") issues. *Id.* In addition to her executive role, Microsoft designated Plaintiff to lead the regional arm of a national DEI initiative. *Id.*

In October 2017, Plaintiff's manager reassigned the only two Black account managers to report to Plaintiff, including one account manager who had previously lodged a racial discrimination complaint against his former manager. *Id.* ¶ 15. At the time of this reassignment, Plaintiff was the only manager in the group who was not a white man. *Id.* In May 2018, a Microsoft human resources ("HR") employee directed Plaintiff to award the account manager who had lodged the discrimination complaint at least 60 percent of his bonus even though Plaintiff had recommended he receive 0 to 20 percent of his bonus given his subpar performance. *Id.* ¶ 16. The HR employee cited the account manager's prior discrimination complaint and the "risk of further claims" as the reason for the bonus. *Id.* In January 2019, after receiving a reduced bonus, this same account manager filed a false sexual harassment allegation against Plaintiff. *Id.* ¶ 17. These allegations caused Plaintiff significant personal and professional strain. *Id.* Plaintiff informed HR that she believed the allegations were the result of retaliation for the reduced bonus, but Plaintiff was ignored. *Id.* ¶ 18. In May 2019, Microsoft concluded its investigation into the harassment allegation and determined it was baseless. *Id.*

In June 2019, Plaintiff's team was reassigned to a peer sales leader with lower attainment and less relevant experience than Plaintiff, and Plaintiff herself was demoted to an individual contributor role under Defendant Ryder. *Id.* Ryder had previously expressed resistance to Plaintiff's DEI work and recommended that she cease her DEI advocacy. *Id.*

In September 2019, Plaintiff received only 50 percent of her bonus (resulting in a loss of approximately $20,000) and her stock award was cut by 50 percent (resulting in a loss of approximately $42,800), despite her 104 percent attainment for the year. *Id.* ¶ 19. Plaintiff raised that these reductions were the result of retaliation to multiple Microsoft executives (including the workplace investigation team, the HR Director, and the Vice President of Sales), but Plaintiff was ignored. *Id.* In January 2020, Ryder "alluded to [Plaintiff's] performance issues without formal documentation." *Id.*

From February 2020 to March 2020, the account manager who had previously filed the harassment claim against Plaintiff himself harassed Plaintiff and her husband via social media,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-02642-MRA-DFM | Date | March 23, 2026 |
|---|---|---|---|
| Title | *Stacey Albert v. Microsoft Corporation et al.* | | |

"culminating in harassing LinkedIn messages containing sexually explicit language." *Id.* ¶ 20. Although Plaintiff reported the conduct to Microsoft HR and to LinkedIn (which is owned by Microsoft), no corrective action was taken. *Id.* Plaintiff alleges this failure to intervene amounts to workplace harassment. *Id.*

In August 2020, Plaintiff received a "zero rewards" designation from Ryder despite Plaintiff having reached 141 percent attainment that fiscal year. *Id.* ¶ 21. This designation denied Plaintiff approximately $40,000 in bonus compensation and $84,000 in stock compensation. *Id.*

Based on the foregoing events, Plaintiff suffered significant emotional distress, leading her physician to recommend her reassignment to a "safer department to support workplace recovery under [the California Fair Employment and Housing Act]." *Id.* ¶ 22. Microsoft refused to reassign Plaintiff, "effectively forc[ing]" Plaintiff's resignation in January 2021. *Id.* Microsoft denied Plaintiff severance benefits upon her resignation. *Id.* After her resignation, Microsoft failed to respond to multiple requests from Plaintiff, including requests for her personnel file and for severance benefits. *Id.* ¶ 23.

Based on these facts, Plaintiff brings six claims against all Defendants for: (1) discrimination on the basis of gender and race in violation of the California Fair Employment and Housing Act ("FEHA"); (2) harassment and hostile work environment in violation of FEHA; (3) retaliation in violation of FEHA; (4) whistleblower retaliation in violation of California Labor Code § 1102.5; (5) failure to prevent discrimination, harassment, or retaliation in violation of FEHA; and (6) constructive discharge in violation of public policy. *Id.* ¶¶ 37–59. Plaintiff requests damages stemming from the harms of lost equity, career-trajectory harm, and emotional distress. *Id.* ¶ 60. Plaintiff also requests damages in the form of lost severance benefits. *Id.*

### B.    Procedural History

Plaintiff initiated this action in Orange County Superior Court on November 5, 2025. ECF 6-1. On November 24, 2025, Defendant Microsoft removed to federal court based on diversity jurisdiction. ECF 1. The following day, Plaintiff filed the instant Motion to Remand. ECF 12. Microsoft opposed the Motion to Remand. ECF 22. On December 24, 2025, Defendants filed a Motion to Dismiss all claims against Defendant Ryder. ECF 19. Plaintiff opposed the Motion to Dismiss. ECF 21; 24 (Supplemental Declaration of Stacey Albert). Defendants filed a Reply in support of the Motion to Dismiss. ECF 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-02642-MRA-DFM | Date | March 23, 2026 |
|---|---|---|---|
| Title | *Stacey Albert v. Microsoft Corporation et al.* | | |

## II.    DISCUSSION

### A.    Motion to Remand

The Court first addresses Plaintiff's Motion to Remand because that Motion challenges the jurisdiction of this Court to hear this action.

It is axiomatic that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may exercise jurisdiction only when authorized by the Constitution or a statute. *Id.* A federal district court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1). Complete diversity exists when "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Under 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The propriety of removal "may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

In its Notice of Removal, Microsoft argued that the Court has jurisdiction to hear the case because Plaintiff, a citizen of California, and Microsoft, a citizen of Washington, are diverse parties and the amount in controversy exceeds $75,000. ECF 1. At the time Microsoft filed its Notice of Removal, Defendant Ryder, a citizen of California, had not yet been served with the summons or the Complaint. *Id.* at 10, 12–13. Microsoft stated in its Notice and argues in its opposition to the Motion to Remand that "no joined and served defendant" lacked diversity in the case pursuant to 28 U.S.C. § 1441(b)(2). *Id.* at 12–13. Microsoft has also argued that even if Ryder were served and joined to the action as a co-Defendant—as he eventually was—his joinder does not destroy diversity because he is a "fraudulent, sham Defendant." *Id.* at 13–14.

Because the bulk of Microsoft's opposition concerns whether Ryder was fraudulently joined, the Court addresses that issue first before turning to the parties' procedural arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-02642-MRA-DFM | Date | March 23, 2026 |
|---|---|---|---|
| Title | *Stacey Albert v. Microsoft Corporation et al.* | | |

### 1. Fraudulent Joinder

A non-diverse defendant may be disregarded for diversity jurisdiction purposes if they have been fraudulently joined. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Although there is a general presumption against fraudulent joinder, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'" *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (cleaned up). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of the jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 at 1044). "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Hunter*, 582 F.3d at 1043.

In determining whether a defendant is properly joined, however, the standard is "somewhat different from a typical Rule 12(b)(6) standard." *Davis v. Prentiss Props. Ltd., Inc.*, 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999). Even "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there," because the "district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 549. Where a party opposing remand raises arguments that "go to the sufficiency of the complaint, rather than to the possible viability of" claims against the non-diverse party, such arguments "do not establish fraudulent joinder," and remand is proper. *Id.* In other words, the removing party must show "that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against [the non-diverse defendant]." *Tapia v. Sterigenics US, LLC*, No. 817CV02135JLSJDE, 2018 WL 620479, at *4 (C.D. Cal. Jan. 30, 2018) (quoting *Davis*, 66 F. Supp. 2d at 1113).

Microsoft raises four arguments as to why Plaintiff cannot state a claim against Ryder: (1) Ryder cannot be held personally liable as to several causes of action; (2) Plaintiff's only viable claim against Ryder for hostile work environment is time-barred; (3) the complaint fails to state facts sufficient to constitute a claim for harassment against Ryder; and (4) Plaintiff did not exhaust her administrative remedies as to Ryder. The Court addresses each in turn.

#### a) Ryder's Individual Liability

Microsoft argues that Plaintiff's claims for discrimination under FEHA, retaliation under FEHA, whistleblower retaliation under California Labor Code § 1102.5, failure to prevent discrimination, harassment, or retaliation, and constructive discharge in violation of public policy cannot be maintained against Ryder as an individual. ECF 22 at 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-02642-MRA-DFM | Date | March 23, 2026 |
|---|---|---|---|
| Title | *Stacey Albert v. Microsoft Corporation et al.* | | |

The Court agrees Plaintiff's claims for discrimination, retaliation under FEHA, failure to prevent harassment, and constructive discharge are precluded as a matter of law against Ryder as an individual defendant. The California Supreme Court has held that supervisors "who do not themselves qualify as employers" may not be held individually liable for employment discrimination under FEHA. *Reno v. Baird*, 18 Cal. 4th 640, 663 (1998). It has similarly held that non-employer individuals may not be held personally liable for retaliation under FEHA. *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1160 (2008). Nor may supervisors be held personally liable under FEHA for failing to prevent harassment. *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1326 (1996). And "because [P]laintiff may not sue [Ryder] as an individual supervisor under the FEHA, she may not sue [Ryder] individually for wrongful discharge in violation of public policy." *Reno*, 18 Cal. 4th at 664.

As to Plaintiff's claim for whistleblower retaliation, Microsoft cites several unpublished decisions from courts within this circuit that purportedly decided that individuals cannot be held liable for retaliation claims under California Labor Code § 1102.5. ECF 22 at 25. At least one of the cases cited by Microsoft, however, acknowledges that California courts "ha[ve] not spoken on the express issue of whether a supervisor can be liable under California Labor Code Section 1102.5." *Mewawalla v. Middleman*, 601 F. Supp. 3d 574, 608 (N.D. Cal. 2022). And none of the cited cases decided the issue on a motion to remand, where the question before the Court is whether "there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants." *Hunter*, 582 F.3d at 1046. Thus, "given the statute's language providing that '[a]n employer, or any person acting on behalf of the employer' may be liable for violations of the statute, Cal. Lab. Code § 1102.5(a)," and given Microsoft's implicit acknowledgment that "there are no published California state court opinions addressing individual liability under § 1102.5 . . . the court declines to conclude at this juncture that there can be no individual liability for violations of § 1102.5." *Summer v. Meridian Senior Living, LLC*, No. CV214051FMOAFMX, 2021 WL 2285103, at *2 (C.D. Cal. June 4, 2021) (quotation marks omitted); *Moren v. Nat'l Express Transit, Inc.*, No. 121CV01206AWIJLT, 2021 WL 5602820, at *2 (E.D. Cal. Nov. 30, 2021) ("California district courts that have considered this exact issue from this particular procedural posture have continually determined that the action must be remanded because, as a matter of state law, it is not obvious whether a defendant can or cannot be found personally liable under § 1102.5.").

Accordingly, the Court finds that although Ryder is not a proper defendant as to Plaintiff's claims for discrimination, failure to prevent harassment, retaliation, and constructive discharge, it cannot conclude that, for purposes of determining whether Ryder is fraudulently joined, that Plaintiff cannot possibly state a claim for whistleblower retaliation against Ryder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-02642-MRA-DFM | Date | March 23, 2026 |
|---|---|---|---|
| Title | *Stacey Albert v. Microsoft Corporation et al.* | | |

### b)    *Statute of Limitations*

Microsoft argues that each of Plaintiff's claims is subject to no more than a three-year limitations period, which accrued no later than January 2021, when her employment with Microsoft ended.  ECF 22 at 17.  Microsoft also argues that the continuing violation doctrine does not save Plaintiff's claims because "[t]here is no logical basis for applying the continuing violation doctrine to a hostile work environment claim against Ryder after Plaintiff's employment ended in January 2021."  *Id.* at 20.

Insofar as Plaintiff relies on the continuing violation doctrine to bring her claims within the limitations period, Plaintiff alleges certain actions regarding "Defendants' handling of Plaintiff's requests and reputation issues" that extended to 2023.  ECF 6-1 ¶¶ 23–24.  It is unclear from the Complaint, however, how those allegations pertain to the two viable claims against Ryder (whistleblower retaliation and harassment), or how that doctrine would apply when Plaintiff's employment ended in 2021.  The Complaint also "invokes tolling, including equitable tolling . . . and for incapacity."  *Id.* ¶ 12.  As to Plaintiff's claim for incapacity, Microsoft argues that "the Complaint is devoid of any information as to what the supposed incapacity was, the basis and extent of it, if she herself was incapacitated, when it occurred, or any details at all."  ECF 22 at 23.  But aside from its reference to allegations regarding Plaintiff's work performance in 2019, 2020, and 2021, and Plaintiff's attempt to negotiate severance, Microsoft "make[s] no showing that any statute of limitations bar could not be tolled."  *Montemayor v. Ford Motor Co.*, No. 2:19-CV-10073-AB-JEM, 2020 WL 3316978, at *3 (C.D. Cal. June 17, 2020) (concluding defendants failed to meet burden of demonstrating fraudulent joinder based on statute of limitations).  In other words, Microsoft argues that incapacity is not sufficiently alleged, but Microsoft does not show that the deficiencies it identifies "cannot possibly be cured by amendment."  *Id.*

The Court "must presume here that any statute of limitations barrier" to pleading a claim against Ryder "might [be] eliminated by amended pleadings asserting" facts sufficient to support the continuing violations doctrine or tolling.  *Tomlinson v. Deutsche Bank Nat. Tr. Co.*, No. CV 13-00554 SOM-BMK, 2014 WL 346922, at *5 (D. Haw. Jan. 30, 2014), *report and recommendation adopted*, No. CV 13-00554 SOM-BMK, 2014 WL 607772 (D. Haw. Feb. 18, 2014).  Thus, the Court does not find that any statute of limitations issue establishes fraudulent joinder.

### c)    *Failure to State a Claim*

Microsoft also argues that Plaintiff has failed to state a claim for hostile work environment harassment against Ryder because Plaintiff alleges, at most, "isolated and trivial" incidents, and such "threadbare allegations fail to state any viable claim against Ryder."  ECF 22 at 27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-02642-MRA-DFM | Date | March 23, 2026 |
|---|---|---|---|
| Title | *Stacey Albert v. Microsoft Corporation et al.* | | |

Plaintiff alleges, for example, that she experienced "hostility from colleagues toward Plaintiff's DEI work, and unwarranted performance management intended to undermine Plaintiff." ECF 601 at 12.[2]  While these allegations may not be sufficiently specific, Microsoft fails to establish that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action" for hostile work environment against Ryder. *Davis*, 66 F. Supp. 2d at 1113.  "[R]egardless of whether the alleged conduct in [Plaintiff's] complaint rises to the level of actionable harassment, 'to the extent that there is such a deficiency, [Plaintiff] could seek leave to amend to allege additional facts that demonstrate the pervasiveness and severity of [Ryder's] conduct.'" *Menchaca v. Howmet Aerospace, Inc.*, No. 223CV00098JLSMRW, 2023 WL 2504995, at *4 (C.D. Cal. Mar. 14, 2023) (quoting *Tapia*, 2018 WL 620479, at *3).  Thus, while the Court expresses no opinion as to whether the allegations in the Complaint are sufficient to state a claim, to the extent any such deficiency exists, it would not be a reason to find that Ryder was fraudulently joined.

### d)    Exhaustion

Finally, Microsoft alleges that Plaintiff did not exhaust her administrative remedies as to Ryder because Plaintiff does not allege that she submitted an administrative charge to the California Civil Rights Department or obtained a right to sue letter against Ryder.  ECF 22 at 28.

Under FEHA, "[a]ny person claiming to be aggrieved by an alleged unlawful practice may file with the [Civil Rights Department] a verified complaint, in writing, that shall state the name and address of the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice complained of . . . ."  Cal. Gov't Code § 12960(c).  "California Courts have accepted FEHA administrative remedies as exhausted even if claimants do not identify the alleged wrongdoer expressly in their complaint so long as the complaint puts the party on sufficient notice."  *Harlow v. Chaffey Cmty. Coll. Dist.*, No. 21-55349, 2022 WL 4077103, at *1 (9th Cir. Sept. 6, 2022) (citing *Saavedra v. Orange Cnty. Consol. Transp. Serv. Agency*, 11 Cal. App. 4th 824, 827 (1992)).  Thus, even if a defendant is not named in the caption of an administrative complaint, the exhaustion requirement may nevertheless be satisfied where the

---

[2] Plaintiff filed a Motion for Leave to File an Amended Complaint and a proposed Amended Complaint.  ECF 31, 32.  The proposed amended complaint includes allegations that Ryder "personally contributed to the hostile work environment through his direct discouragement of Plaintiff's protected DEI advocacy and his imposition and enforcement of pretextual 'zero awards' designation during Plaintiff's protected medical leave."  ECF 32 at 12.  That Plaintiff may bolster her claims with additional facts reinforces the conclusion that any purported failure to state a harassment claim is not indicative of fraudulent joinder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-02642-MRA-DFM | Date | March 23, 2026 |
|---|---|---|---|
| Title | *Stacey Albert v. Microsoft Corporation et al.* | | |

defendant was named in the body of the administrative charge. *See Wright v. JP Morgan Chase N.A.*, No. CV 13-09022-DMG (MRWX), 2014 WL 13130324, at *4 (C.D. Cal. Mar. 13, 2014) (citing *Martin v. Fisher*, 11 Cal. App. 4th 118, 123 (1992)).

The administrative complaint filed by Plaintiff was not attached to the Complaint or submitted by Microsoft. Thus, the Court cannot determine whether Ryder was identified in the body of the administrative charge filed, such that Ryder would have been put on notice of the charges. Because Plaintiff could cure this deficiency with amendment by alleging that Ryder's conduct was described in the administrative complaint, the Court cannot conclude that Ryder was fraudulently joined for failure to exhaust.

In sum, the Court concludes that Microsoft has not carried its heavy burden of demonstrating that Ryder was fraudulently joined to destroy diversity. Because there is a possibility that Plaintiff can state a claim in state court against Ryder, the Court concludes that Ryder was not fraudulently joined, and because Ryder and Plaintiff are both citizens of California, the Court may not exercise jurisdiction over this matter on the basis of diversity of citizenship.

### 2. *Timing of Removal*

Plaintiff's Motion also argues that removal was improper because Ryder, who had not yet been served when Microsoft filed the notice of removal, did not consent to the removal, and because Ryder is a forum defendant. Microsoft argues that neither the rule of unanimity nor the forum defendant rule applies because Ryder had not been "joined or served" at the time of removal. ECF 22 at 12–13 (citing 28 U.S.C. § 1441).

Having determined that Ryder was not fraudulently joined, and that there is therefore a lack of diversity among the parties, "removal was improper once [Ryder], a non-diverse party, was named as a Defendant, regardless of whether [Ryder] was served before removal." *Lipemann v. Camden*, No. CV 19-7348-DMG (EX), 2019 WL 5420281, at *3 (C.D. Cal. Oct. 22, 2019); *see also Scates v. FedEx Ground Package Sys., Inc.*, No. 220CV06365VAPMAAX, 2020 WL 5759121, at *6 (C.D. Cal. Sept. 25, 2020) ("Section 1441(b) does not abrogate Section 1332's requirement of complete diversity."). The timing of Defendant's removal does not confer jurisdiction that is otherwise destroyed by the joinder and service of a non-diverse defendant.

For these reasons, Plaintiff's Motion to Remand is **GRANTED.**

### B. Motion to Dismiss

Having determined that Ryder was not fraudulently joined, and that this matter must be

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-02642-MRA-DFM | Date | March 23, 2026 |
|---|---|---|---|
| Title | *Stacey Albert v. Microsoft Corporation et al.* | | |

remanded, the Court **DENIES** Ryder's Motion to Dismiss [19] as **MOOT.**

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand [12] is **GRANTED.**   The case is remanded to Orange County Superior Court, Case No. 30-2025-01524620-CU-OE-CJC. Defendant Tim Ryder's Motion to Dismiss [19] is **DENIED as moot.**   Plaintiff's Motion for Leave to File First Amended Complaint [31] is **DENIED as moot.**

**IT IS SO ORDERED.**

\_\_\_\_ : \_\_\_\_

Initials of Deputy Clerk     mku